UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOEL LUCOFF,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

Case No.:

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff, Joel Lucoff (hereinafter "Plaintiff"), alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. (hereinafter "TCPA") and the Florida Consumer Collection Practices Act, §559 *et seq*. (hereinafter "FCCPA") against Defendant, JPMorgan Chase Bank, N.A. (hereinafter "Defendant"), and states the following in support thereof:

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

1

5. Plaintiff is the regular user of the cellular telephone number at issue, (954) *** -0907, and was the recipient of Defendant's hereinafter described calls. See *Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

6. Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

7. The debts that are the subject matter of this complaint are "consumer debts" as defined by Florida Statute §559.55(6).

8. Defendant's principle place of business is located at 270 Park Avenue, New York, NY 10017.

9. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation and its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

10. Defendant is a "person" pursuant to the FCCPA. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

**FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF**

11. Beginning in or around May of 2017, Defendant attempted to collect alleged debts arising from transactions primarily incurred for personal, family or household purposes from Plaintiff.

12. Specifically, Defendant attempted to collect alleged debts from Plaintiff concerning consumer credit card accounts upon which Plaintiff bears no responsibility.

13. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiffs' cellular telephone several times per day and on back-to-back days, with such

frequency as can reasonably be expected to harass, in an effort to collect alleged consumer debts.

14. At all times relevant to this action, Plaintiff received between two (2) to five (5) calls per day to his cellular telephone from Defendant, in an effort to collect the alleged consumer debts at issue.

15. Upon answering some of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

16. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008);* see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

17. Each and every telephone call that Defendant made to the Plaintiff's cellular telephone number was done so without the express consent, as Plaintiff was not a responsible party under the subject consumer credit card accounts.

18. Each and every call that Defendant made to the Plaintiff's cellular telephone number was knowing and willful, as Plaintiff was not a responsible party under the subject consumer credit card accounts.

19. Despite actual knowledge of their wrongdoing, Defendant continued its campaign of abuse by calling Plaintiff despite a lack of express consent.

20. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect consumer debts by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

21. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered an injury of invasion of privacy and an intrusion upon his right of seclusion.

22. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his cellular telephone line by unwelcome calls, making his telephone unavailable for legitimate callers or outgoing calls while his telephone was occupied from Defendant's call.

23. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered an injury of unnecessary expenditure of his time by having to deal with missed call notifications and call logs that reflect the unwanted calls.

24. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

25. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and cellular telephone services.

26. As a result of the calls described above, Plaintiff was affected in a personal and individualized way by stress, aggravation and annoyance.

27. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite not having express consent.

28. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite a lack of express consent.

29. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

30. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## Violations of the Florida Consumer Collection Practices Act

31. Plaintiff incorporates Paragraphs 1 through 30 herein.

32. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72 *et al*.

33. Defendant engaged in an act or omission prohibited under Florida Statute §559.72(7), by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

34. Specifically, Defendant called Plaintiff several times a day and on back-to-back days in an effort to collect consumer debts when Defendant knew Plaintiff was not a party to the subject consumer credit card accounts.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, punitive damages, attorney's fees, litigation expenses and costs of suit; and such further relief as the Court deems proper.

## COUNT II
## Violations of the Telephone Consumer Protection Act

35. Plaintiff incorporates Paragraphs 1 through 30 herein.

5

36. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227(b)(1)(A)(iii).

37. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialed calls made to Plaintiff's cellular telephone when Defendant knew Plaintiff was not a party to the subject consumer credit card accounts.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for $500.00 dollars in statutory damages for each violation of the TCPA over the last four years, $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years, a declaration that Defendant's calls violate the TCPA, a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice, litigation expenses and costs of the instant lawsuit; and such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

Christopher W. Legg, P.A.
499 E. Palmetto Park Road, Ste. 228
Boca Raton, FL 33432
Telephone: 954-962-2333
Chris@theconsumerlawyers.com

*Attorney for Plaintiff*